FILED

05/24/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2017 Session

## DALE ROBERT SCHERZER v. MELISSA MARIE SCHERZER

**Appeal from the Chancery Court for Williamson County**
**No. 40104    Michael Binkley, Chancellor**

———————————————————

**No. M2017-00635-COA-R3-CV**

———————————————————

W. NEAL MCBRAYER, J., concurring.

I concur in the result reached by the majority and with its analysis, except in one respect. In my view, Tennessee Code Annotated § 36-5-121 does not authorize an award of attorney fees in these circumstances.

This appeal arises from Dale Robert Scherzer's petition to terminate or modify his obligation to pay transitional alimony, which the trial court ultimately granted. Although he also requested an award of attorney fees in his petition, Mr. Scherzer did not cite the authority for his request. In a response to Melissa Marie Scherzer's Rule 59 motion to alter or amend, Mr. Scherzer for the first time argued that an award of attorney fees was appropriate under Tennessee Code Annotated § 36-5-103(c). The trial court concluded, correctly in the majority's view and in mine, that attorney fees could not be awarded under the version of Tennessee Code Annotated § 36-5-103(c) then in effect. Mr. Scherzer was seeking "to terminate, not enforce, the existing alimony decree." *Evans v. Evans*, No. M2002-02947-COA-R3-CV, 2004 WL 1882586, at *19 (Tenn. Ct. App. Aug. 23, 2004) (Koch, J., concurring).

Instead, the trial court awarded Mr. Scherzer attorney fees as spousal support under the alimony statute, Tennessee Code Annotated § 36-5-121, citing *Evans v. Evans*. The majority determines that such an award was inappropriate because there was no proof that Mr. Scherzer was a disadvantaged spouse but there was evidence that Ms. Scherzer did not have an ability to pay.

Irrespective of the proof, in my view, Mr. Scherzer could not recover his attorney fees because Tennessee Code Annotated § 36-5-121, by its terms, is inapplicable in post-divorce modification proceedings. Since *Evans* was decided, the alimony statute has

changed substantially.[1]  *Compare* Tenn. Code Ann. § 36-5-101(d) (2001), *with* Tenn. Code Ann. § 36-5-121 (2017).  The alimony statute interpreted in *Evans*, the precursor to the current alimony statute, did not limit its application to specific types of proceedings and did not include any detail concerning attorney fees.  *See* Tenn. Code Ann. § 36-5-101(d) (2001).  But, in 2005, the General Assembly amended the alimony statute by moving it into a new section, inserting additional restrictive language, and detailing the different types of alimony.  2005 Tenn. Pub. Acts 654-60.  Under the current version of the alimony statute, trial courts are authorized to award alimony "[i]n any action for divorce, legal separation or separate maintenance."  Tenn. Code Ann. § 36-5-121(a) (2017).  The current statute also references attorney fees as being a form of alimony in solido or lump sum alimony.  *Id.* § 36-5-121(d)(5), (h)(1).

Tennessee Code Annotated § 36-5-121 authorizes an award of attorney fees in a divorce in only two instances.  First, pending a final hearing, the court may award attorney fees "to enable . . . [a] spouse to prosecute or defend the suit of the parties."  *Id.* § 36-5-121(b).  Second, the court may award attorney fees as alimony in solido "calculable on the date the [divorce] decree is entered."  *Id.* § 36-5-121(d)(5), (h)(1); *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 108 (Tenn. 2011) ("The total amount of alimony in solido is set on the date of the divorce decree . . . .").  No provision is made in the statute for an award of attorney fees in post-divorce modification proceedings.  To interpret the statute otherwise would render the prepositional phrase that begins the statute, "[i]n any action for divorce, legal separation or separate maintenance," surplusage.  *See Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 600 (Tenn. 1999) ("We are constrained to interpret statutes so that no part or phrase of a statute will be rendered inoperative, superfluous, void, or insignificant.").

Although the alimony statute is not ambiguous, the broader statutory scheme also supports the conclusion that Tennessee Code Annotated § 36-5-121 does not authorize an award of attorney fees for post-divorce modification proceedings.  *See In re Estate of Tanner*, 295 S.W.3d 610, 614 (Tenn. 2009) ("It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources.").  The alimony and child support statutes include Tennessee Code Annotated § 36-5-103(c), which authorizes trial courts to award attorney fees "both upon the original divorce hearing and *at any subsequent hearing*."  Tenn. Code Ann. § 36-5-103(c) (emphasis added).  The "at any subsequent hearing" language has not changed since the *Evans* decision and is absent from Tennessee Code Annotated § 36-5-121, both before and after the 2005 amendment.  Additionally, it would be unnecessary to authorize

---

[1] Even the version of the alimony statute at issue in *Evans* would not have authorized an award of attorney fees to Mr. Scherzer.  In *Evans*, the court held that the *recipient* spouse may seek attorney fees in the form of alimony if he or she is "forced to deplete those funds . . . to pay" an attorney to defend a modification proceeding initiated by the payor spouse.  *Evans*, 2004 WL 1882586, at *16.  Mr. Scherzer was not the recipient spouse.

attorney fees "incurred in enforcing any decree from alimony" under Tennessee Code Annotated § 36-5-103(c) if such authority already existed under Tennessee Code Annotated § 36-5-121. *Id*. § 36-5-103(c).

Finally, I note that the General Assembly recently amended Tennessee Code Annotated § 36-5-103(c) to permit an award of attorney fees in an instance such as this one. Effective July 1, 2018, the amendment broadens the circumstances under which attorney fees may be awarded in domestic relations cases. In contrast to the current version of Tennessee Code Annotated § 36-5-103(c), which allows "[t]he *plaintiff spouse* [to] recover . . . reasonable attorney fees incurred in *enforcing* any decree for alimony," Tenn. Code Ann. § 36-5-103(c) (2017) (emphasis added), the new version allows "[a] *prevailing party* [to] recover reasonable attorney's fees . . . in *any . . . proceeding* to *enforce*, *alter*, *change*, or *modify* any decree of alimony."[2] H.R. 2526, § 1, 110th Gen. Assemb., Reg. Sess. (Tenn. 2018) (amending Tenn. Code Ann. § 36-5-103(c)) (emphasis added). If Tennessee Code Annotated § 36-5-121 in its current form already provided the mechanism for attorney fees to be awarded in post-divorce modification proceedings, presumably the recent amendment to Tennessee Code Annotated § 36-5-103(c) would have been unnecessary. *See Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 899 (Tenn. 1992) ("[T]he Legislature is presumed to know the state of the law on the subject under consideration at the time it enacts legislation.").

Thus, I concur in the result reached by the majority, and I join in all but part VI of the opinion.

_____

W. NEAL McBRAYER, JUDGE

---

[2] The language "both upon the original divorce hearing and at any subsequent hearing" is retained.

3